# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 24-1396 FMO (PDx) | Date | September 3, 2024 |
|---|---|---|---|
| Title | Sequoia Capital Operations, LLC v. Sequoia Capital LLC | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff(s):   Attorney Present for Defendant(s):

None Present                         None Present

**Proceedings:**   (In Chambers) Order Re: Striking Stipulation and Order to Show Cause

  The court has reviewed the Stipulation to Extend Time to Respond to Initial Complaint (Dkt. 18, "Stipulation"), by which the parties stipulate to extend the time for defendant to answer or otherwise respond to the Complaint. (See id. at 2). The Stipulation is signed by David Liao ("Liao") on behalf of defendant Sequoia Capital LLC. (See id. at 3). However, Liao, a non-attorney, may not file any papers or appear on behalf of an entity defendant. It is well-settled that corporations and other business entities cannot appear pro se in federal court; they must be represented by licensed counsel. See Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201-02, 113 S.Ct. 716, 721 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."); United States v. High Country Broad. Co., 3 F.3d 1244, 1245 (9th Cir. 1993) (per curiam) ("A corporation may appear in federal court only through licensed counsel."); Local Rule 83-2.2.2 ("No organization or entity of any other kind (including corporations, limited liability corporations, partnerships, limited liability partnerships, unincorporated associations, trusts) may appear in any action or proceeding unless represented by an attorney permitted to practice before this Court under L.R. 83-2.1."). In addition, a sole shareholder or principal of a corporation may not represent the corporation in federal court. See High Country Broad. Co., 3 F.3d at 1245; see also In re Waksberg, 2009 WL 1211355, *1 (C.D. Cal. 2009) ("[T]he principal of a corporation cannot appear on its behalf pro se. Because it is not a natural person, the corporation must be represented by an attorney."). Under the circumstances, the Stipulation will be stricken.

  Based on the foregoing, IT IS ORDERED THAT:

  1. The Stipulation **(Document No. 18)** is hereby **stricken**.

  2. No later than **September 26, 2024**, defendant shall retain counsel and have counsel file a Notice of Appearance.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 24-1396 FMO (PDx) | Date | September 3, 2024 |
|---|---|---|---|
| Title | Sequoia Capital Operations, LLC v. Sequoia Capital LLC | | |

    3.  Defendant is cautioned that failure to file a Notice of Appearance by the deadline set forth above may result in entry of default against it for failure to comply with a court order.  See Fed. R. Civ. P. 41(b); Link v. Wabash R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962).

    4.  If defendant does not retain counsel by the deadline set forth above, then plaintiff's counsel shall seek entry of default against defendant no later than **October 3, 2024**.  Failure to file a an application for entry of default may result in the action being dismissed for failure to prosecute and/or failure to comply with a court order.  See Fed. R. Civ. P. 41(b); Link, 370 U.S. at 629-30, 82 S.Ct. at 1388.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | vdr |